```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
FOREST L. FATE,                                                :
                        Plaintiff,                             :
                                                               :  07 Civ. 9256 (JSR) (GWG)
                                                               :
        -v.-                                                   :
                                                               :  REPORT AND
                                                               :  RECOMMENDATION
                                                               :
JOHN DOE, et al.,                                              :
                                                               :
                        Defendants.                            :
                                                               :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge.**

FACTS

Forest L. Fate, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights stemming from an arrest. See Complaint, filed Oct. 16, 2007 (Docket # 2). At the time of the filing, Fate was in the Wilson County Jail in North Carolina and provided that address in his court papers. See id. When he requested in November 2007 that the U.S. Marshal make service on the defendants, he provided a post office box in New City, New York as his address. See Order, filed Mar. 12, 2008 (Docket # 7) ("Mar. 12 Order"). After the defendants answered, this Court issued an order with a proposed pretrial schedule. See Order, filed Feb. 29, 2008 (Docket # 5). That order included a provision stating "[e]ach party must immediately inform the Court of any change in that party's address or telephone number in the future. If a party fails to do so, the case may be dismissed or a default entered." Id.

This order was mailed to the address on the complaint – at the Wilson County Jail – and it was returned as undeliverable with the notation "not here." A clerk to the undersigned called

the jail and was informed that Fate had been released on December 14, 2007. The clerk was also informed that Fate's last known address was 506 Lodge St., Wilson, NC 27893.

The Assistant County Attorney representing the defendants submitted a letter to the Court dated March 11, 2008 noting that defendants' answer was returned to the County as undeliverable. In that letter, the defendants requested that the matter be dismissed because plaintiff failed to provide a forwarding address.

This Court's March 12 Order directed Fate to send a letter containing his current address and telephone number on or before March 30, 2008. See Mar. 12 Order. The Court also noted that Fate should call chambers to provide the same information if he was able to do so. Id. This Order specifically stated: "Fate is warned that if he fails to send the letter described above, his case may be dismissed." Id. (emphasis in original).

The Court's clerk mailed a copy of this order to Fate at both the New City, New York address and the Wilson, North Carolina address provided by the jail. The New City mailing was returned and marked "Return to sender. No such number. Unable to forward." The Wilson mailing was returned and marked "Returned to sender. Not deliverable as addressed. Unable to forward." Fate has neither sent a letter to the Court nor telephoned chambers as required by the March 12 Order.

DISCUSSION

Fed. R. Civ. P. 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to

dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, see id.; Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that this case cannot proceed without Fate's participation, and he has provided no method by which the Court can inform him of his obligations in this case. Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached. See, e.g., Coleman v. Doe, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006); Dong v. United States, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004); Love v. F.B.I., 2002 WL 2030828, at *1 (N.D. Tex. Sept. 3, 2002); Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002); Hibbert v. Apfel, 2000 WL 977683, at *2-3 (S.D.N.Y. July 17, 2000); Norlander v. Plasky, 964 F. Supp. 39, 41-42 (D. Mass. 1997). However, because "dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations,'" Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d

Cir. 1972)), the Court recommends that dismissal be without prejudice. See generally LeSane, 239 F.3d at 209 ("pro se plaintiffs should be granted special leniency regarding procedural matters"); Coleman, 2006 WL 2357846, at *3 (dismissal without prejudice where pro se plaintiff could not be reached at the address he provided); Whitaker v. N.Y. City Police Dep't, 1989 WL 37678, at *1 (S.D.N.Y. Apr. 11, 1989) (same).

Conclusion

For the foregoing reasons, the complaint should be dismissed without prejudice.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Honorable Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: April 16, 2008
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies mailed to:

Forest L. Fate
506 Lodge St.
Wilson, NC 27893

Forest L. Fate
P.O. Box 2405
New City, NY 10956

Daniel J. Block
Principal Assistant County Attorney
11 New Hempstead Road
New City, NY 10956

Hon. Jed S. Rakoff
United States District Judge

Cir. 1972)), the Court recommends that dismissal be without prejudice. See generally LeSane, 239 F.3d at 209 ("pro se plaintiffs should be granted special leniency regarding procedural matters"); Coleman, 2006 WL 2357846, at *3 (dismissal without prejudice where pro se plaintiff could not be reached at the address he provided); Whitaker v. N.Y. City Police Dep't, 1989 WL 37678, at *1 (S.D.N.Y. Apr. 11, 1989) (same).

Conclusion

For the foregoing reasons, the complaint should be dismissed without prejudice.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Honorable Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: April 16, 2008
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge